May it please the court, Councilor Kevin Long for the petitioner, Hu. Your Honors, the Board of Immigration appeal in this case has been inconsistent in its rulings. When it first reopened the case, it held that the petitioner is a member of the religious group, the Shouders, that China persecuted the Shouders religious group, and that the petitioner had been singled out for persecution. In a word, the Board of Immigration Appeals found that the petitioner had established a prima facie eligibility for asylum, for he had a well-founded fear of future persecution. When the case was remanded by the Board of Immigration Appeal, the immigration judge believed that the petitioner was a Shouder, that China persecuted the Shouders, but the immigration judge did not believe that the petitioner's wife was arrested and persecuted, and as a result denied asylum. On appeal, the Board of Immigration Appeals found that the immigration judge was clearly erroneous in her fact-finding. However, the Board of Immigration Appeals now changed its mind to say that the petitioner did not have a well-founded fear of future persecution because he failed to provide sufficient, specific evidence to show why and how China persecuted the Shouders. And this is an alternative finding that the immigration judge never raised, and the petitioner never had the opportunity to rebut. On a motion to reconsider, the petitioner requested the record be remanded to the immigration judge so that the petitioner could provide such information, but the Board of Immigration Appeals refused to do so, arguing that the petitioner had had the opportunity to provide such information. But whether the evidence is sufficient had never been an issue when the Board of Immigration Appeals first remanded the case. So, Your Honor, we believe that the Board of Immigration Appeals has abused its discretion in raising this issue at first instance, which basically acts as a fact-finder in this case. And more importantly, though, the BIA, the Board of Immigration Appeals, we believe has violated the petitioner's due process right by surprising the petitioner in using this ground to deny which the immigration judge never used. And when the petitioner requests an opportunity to provide such information, refuses to remand the case to the immigration judge. And when the petitioner approves specific information required by the BIA, when we provide it, the BIA also refuses to consider it. So we respectfully request this matter be remanded to the BIA to consider this information. Thank you, Your Honor. Thank you. Good morning, Your Honors. May it please the Court, my name is Justin Markell and I represent the Attorney General. In this immigration case, the petitioner has either been in removal proceedings or in possession of the final order of removal for the past 13 years. On two earlier occasions during this 13-year period, agencies granted petitioner the privilege of reopening his case. The only question before the Court today is whether or not the Board abused its discretion in denying petitioner's third request to reopen and reconsider his underlying case. The Court reviews such questions under an abuse of discretion standard, and under that standard, the Court will overturn the Board's decision only if it finds the Board acted arbitrarily, irrationally, or in a manner contrary to law. In order to determine whether or not the Board acted so in this case, we need to look at the questions petitioner raised in his motion to reconsider. Okay, so I'm a little, I've not seen a case before where the I.J. relied only on a credibility determination and didn't reach the rest of the claims, and then the B.I.A. made what appears to be a factual finding on the well-founded fear. Are you aware of a case that typically the B.I.A. will say we don't, we're not fact-binders, we were manned to the I.J.? Yes, Your Honor. And this, I'm not aware of any case with the exact facts that are present in this case. However, the facts in this case are not disputed. The Board essentially found that everything petitioner submitted was truthful and accurate and made a legal determination whether or not that was sufficient to meet the objectively well-founded fear burden. And in particular, petitioners under affirmative obligation submit direct, credible, and specific evidence. And in this case, there's just no indication from the record. Well, I don't understand that at all. But I think Judge Wardlow's question is also an important question as to why it wasn't remanded from the B.I.A. to the I.J. When you get to answering that question, then I'm going to ask you about your statement you just made about why in the world you'd say there was no sufficient objective evidence. But forget that for now. I'll go back to Judge Wardlow. Let's go back to Judge Wardlow's question. If the Court agrees with the Government's general position that the Board has the authority to make a determination regarding whether undisputed facts meet the legal standard for the abusive – I mean, a legal standard for objectively well-founded fear of persecution, then it's the Government's position that the Board should not have to remand for the immigration judge to essentially make a determination regarding whether or not those facts meet the objectively well-founded fear of persecution. If, when it goes back to the I.J., the I.J. can make a determination, the Board could then essentially issue the exact same decision it issued in this case. Yeah, but how do you know what the I.J. would do? I mean, and also, when we talk about well-founded fear, I mean, if he established it from the country reports, then the Government would have the opportunity to rebut. And we have a whole system of fact-finding and evaluating these claims. It kind of just was skipped over in this case. Well, that goes back to what I was saying a little bit earlier. It's the Government's position that the alien has an affirmative obligation to submit evidence. In the first instance, demonstrating that he has an objectively reasonable well-founded fear of persecution. And in this case, we have a country report that states that China finds the shouters to be a cult, and it says that the police are taking steps to shut down the shouter church. However, that's not direct and specific evidence in regards to exactly how they're shutting down the shouter church. They might be levying fines. The web article he submitted, which only states that, in reference to whether or not there's persecution, it just boldly says that China is persecuting shouters. But the statement right before that states that the shouter church is thriving in China. So it's unclear to me how the Board could not find that, in this case, there's just no objective evidence regarding exactly what China does in order to persecute. Are you satisfied with the answers to your issue? I don't want to cut you off. It's okay. No, I'm not satisfied. I didn't mean satisfied with the answer. Is it my problem? It's a procedural question, not a substantive. When I said satisfied, I don't mean do you agree with it. I meant do you have further questions you want to pursue? No, there's obviously no point. We're just going to go into the substance. All right. Well, then tell me. I don't understand your argument at all. You say that the testimony, the Board decision says that the wife's testimony is not implausible or inconsistent. That's right, Your Honor. And her testimony was that they threatened him if he didn't abandon his religion, publicly renounce, if he didn't do all of that, that he would be, I would say, persecuted. He would be punished severely. Now, what's the missing objective evidence? What should she mean by punished severely? Is he going to be fined? Is he going to lose his job? Is he going to be publicly shamed? So you mean it's okay. You have to go back to a country where you're threatened with being punished severely by the government if you maintain your religious beliefs, because when the government said punished severely, it didn't say whether they were going to hang him or fine him. That's the basis of this decision? No. First of all, Your Honor, that's not what the Board did in this case. The Board simply said it did not have enough evidence to make a determination. So that exact question is not before the Court. Yes, it is. The evidence was that the government of China was going to punish him severely. You don't question that evidence. That's what the government told his wife. His wife's evidence was credible. Now — Right, Your Honor. So what we're saying is that when the government says an alien has an obligation to provide credible, direct, and specific evidence, they need to do more than just say we're going to be severely punished. They need to say what that means. They need to say they told him he was going to be drawn and quartered. Right. And that's — or something. It has to say something. Well, okay. I understand the position. I just have to say I think it's dead wrong, that's all. Well, let me ask. I have another question, though, because when the — I don't know how much we read through to the order that the BIA refused to consider, but the BIA, in its first decision, seemed to apply the wrong standard of evidence, you know, of objective evidence. It excluded the wife's letter and letters from his pastor saying that it doesn't — those don't constitute objective evidence. That's clearly an error of law. That's the wrong standard. Well, Your Honor, I would say that in regard to those — that statement by the board, the government does not know what the board meant by that statement. However, Petitioner — Do you agree that it's an erroneous statement of the law? Oh, yes. We would agree that the statements regarding what happened to the wife and what the police told her — No. The BIA said it would only consider objective evidence, and the proper standard is credible, direct, and specific, as you've been arguing to us. And why wouldn't it — why would it exclude from the evidence that it considered the Respondent's affidavit, his wife's letter, and letters from his pastors? Your Honor, the — That's an error of law, isn't it? Yes, Your Honor. But I don't think the board said that it would not consider — it would only consider objective evidence. What it said was, in order to demonstrate objectively well-founded fear of persecution, you need to submit objective evidence. Then it has this footnote that's unusual, and I do not know what they mean by saying that the affidavits and the testimony was not objective. It's wrong. It's wrong. Right, Your Honor. But Petitioner did not raise that when he had the opportunity to bring it before the board. But your argument is that even if that's wrong, and assuming it's wrong, that with the wife's evidence, that he was threatened, she passed on to him the threat that he would be severely punished if he practiced his religion, you say your government's position is that it's not enough to say the government threatened to severely punish you because that could mean a substantial fine rather than being imprisoned or otherwise persecuted because of your religion. I'm not sure it makes any difference whether it's a severe fine if you practice your religion or whether you're going to be drawn and courted. But as I understand your position, if she said the government said we're going to decapitate him or we're going to imprison him for life, that would have been sufficient evidence. But if they don't say what they mean by severely punished, then that's not sufficient evidence. You're right. Okay. Well, that's a nice, simple legal question. And it just seems to me the government's position is contrary to law and ridiculous. Well, what I don't understand is why the I.J. in making its second adverse credibility finding didn't just find it inherently incredible that he was previously, I guess, a Buddhist. And then when his claim was denied, he became a shouter. Are you talking about when the board granted the motion to reopen or the next decision? Right. Your Honor, I don't understand. The I.J. just said putting aside the fact that he's now changed his religion after we found him not credible. I mean, wouldn't that go to credibility? Why would the I.J. ignore that? Your Honor, I don't know why the agency... I guess we don't know why it doesn't. You know, I don't blame you for the position you're taking. You're a lawyer. And you're asserting the government's position. But as Judge Wardler said, there were other grounds on which the BIA or the I.J. might have found him not credible. But we and you are stuck with the record here. That's right, Your Honor. And, you know, I think you're trying to do a decent job with an impossible argument as far as I'm concerned. I would agree with that. Well, Your Honor, I knew I was going to have a hard time today. But I wanted to emphasize... Well, we're trying to give Judge Bell an illustration of what goes on in our immigration cases. I'm getting one. It at least provides some evidence. If the petitioner's wife would have said that the police told me that you were going to be severely punished, then we turn to the country report, and there's a list of all these things that happen to shouters. Then there would be objective evidence substantiating the claim. It would be more significant. In this case, we turn to the two pages, only two pages of the country report in which the petitioner submits. And it lists and says, And then it describes what happens to three of these different groups, people being imprisoned and so on, but doesn't mention a single person from the shouter faith being imprisoned. And then we look to his web article. The web article doesn't say that anyone's ever been hurt because they're a shouter. But the evidence that the BIA didn't consider from the wife was that this particular specific petitioner was threatened with harm. Your Honor, I think the Board's decision was inartful, but I don't believe the Board did not consider the wife's statements. It just found that it wasn't specific enough. It didn't say what was going to happen. It is difficult to understand this opinion, including the footnote that Judge Wardlock is pointing out to you. It says you're not going to consider it. But on the other hand, in the opinion, they do appear to consider it. And whether they considered it, if they didn't consider it, as you've said, that was an error. If they did consider it, I think the fact that they found it insufficient or they found it not objective or whatever it was they found it, is also an error. Either way, in my view, it's the decision's wrong. I mean, they should have done it. I think they did, except for the footnote, consider it. And they found that that wasn't objective evidence. I don't know what else it was. If you believe what she says, and the Board seems to believe it, they seem to be credible, he was threatened with severe punishment. And your argument is that being threatened with severe punishment isn't enough. She had to say he was threatened with specific severe punishment. And that's what it seems to me the case comes down to. And that's why I find it such an easy case in the end. Well, Your Honor, I appreciate you listening to the government's arguments. I see that I'm over time. Yes, thank you. Thank you, Your Honor. Be thankful it's a short argument. Thanks very much. Anyway, are you from Washington or are you? I'm from New Orleans. New Orleans. How did you get saddled with this case? Oh, no, I work in Washington now. I've been there just for four or five years now. Oh, okay. I didn't know that. No, but you were sent out here for this case. Yes. I'm from Washington, D.C. Okay. Sometimes they assign them to someone in the U.S. Attorney's Office. But you're an oil attorney. Yes, sir. Okay. So were you in New Orleans during Hurricane Katrina? Yes, ma'am. You were? I was outside when it moved to D.C. It did. I can understand that. All right. Is there any? Thank you, Your Honor. We're going to stop it. Okay. Well, thank you both very much. Have a good trip back. Thank you. Okay.
judges: Bell, Reinhardt, Wardlaw